IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RUSSELL A. WHEAT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil No. 15-cv-665-CJP |
| | ) |
| CAROLYN W. COLVIN, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## ORDER

**PROUD, Magistrate Judge:**

This matter is before the Court on plaintiff's Motion for Attorney's Fees. **(Doc. 27).** Plaintiff seeks fees pursuant to the Equal Access to Justice Act, 28 U.S.C. §2412(d)(1)(A). Defendant has responded that she has no objection. **(Doc. 28).**

Pursuant to 28 U.S.C. §2412(d)(1)(A), the Court shall award attorney's fees and expenses to a prevailing party in a civil action against the United States, including proceedings for judicial review of agency action, unless the government's position was substantially justified. The hourly rate for attorney's fees is not to exceed $125.00 per hour "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." §2412(d)(2)(A).

This case was remanded to the Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. §405(g). Plaintiff is, therefore, the prevailing party. See, *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993).

Plaintiff seeks attorney's fees in the amount of $3,670.46, representing 19.2 hours of work at $191.17 per hour. He does not seek reimbursement for any additional costs.

In the absence of an objection from the Commissioner, the Court finds that plaintiff is entitled to an award of attorney's fees pursuant to the EAJA, and that the hourly rate and number of hours claimed are reasonable.

Plaintiff's Motion for Attorney's Fees **(Doc. 27)** is hereby **GRANTED**. The Court awards plaintiff Russell A. Wheat attorney's fees in the amount of **$3,670.46** (three thousand, six hundred and seventy dollars and forty-six cents).

The amount awarded is payable to plaintiff and is subject to set-off for any debt owed by plaintiff to the United States, per *Astrue v. Ratliff*, 130 S.Ct. 2521 (2010). However, any part of the award that is not subject to set-off to pay plaintiff's pre-existing debt to the United States shall be made payable to plaintiff's attorney pursuant to the EAJA assignment previously executed by plaintiff and his attorney, **Doc. 27, Ex. 2.**

**IT IS SO ORDERED.**

**DATED:   June 28, 2016.**

**s/ Clifford J. Proud**
**CLIFFORD J. PROUD**
**U.S. MAGISTRATE JUDGE**
